Weng v. Lynch

BIA
Poczter, IJ
A200 161 625

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of December, two thousand fifteen.

PRESENT:
>        RALPH K. WINTER,
>        DENNIS JACOBS,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

ZHENMING WENG,
>        *Petitioner,*

>        v.                                      13-4548
>                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:           Lewis G. Hu, New York, NY.

FOR RESPONDENT:           Stuart F. Delery, Assistant Attorney
                          General; Shelley R. Goad, Assistant
                          Director; Kristin Moresi, Trial
                          Attorney, Office of Immigration
                          Litigation, United States Department
                          of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhenming Weng, a native and citizen of China, seeks review of the November 6, 2013 decision of the BIA affirming the April 11, 2012 decision of the Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Zhenming Weng,* No. A200 161 625 (B.I.A. Nov. 6, 2013), *aff'g* No. A200 161 625 (Immig. Ct. N.Y.C. Apr. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Weng's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding

2

on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's finding that Weng was not credible. The agency reasonably relied in part on Weng's demeanor, noting that he paused for lengthy periods while testifying and that his testimony was vague and stilted. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Karaj v. Gonzales,* 462 F.3d 113, 116 (2d Cir. 2006). That finding is supported by the hearing transcript.

The agency's demeanor finding and the adverse credibility determination as a whole are further bolstered by record inconsistencies with respect to when Weng was detained by Chinese authorities, the medical treatment he received after his release from custody, and whether or how

many times the police came looking for him in China after he fled to the United States. The agency was not compelled to credit Weng's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Given the demeanor and inconsistency findings, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination was dispositive of asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4